UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* [UNDER SEAL],<br><br>                    Plaintiff,<br>v.<br><br>[UNDER SEAL],<br><br>                    Defendant. | Civil Action No. 8:24-cv-1164-MSS-NHA<br><br>Hon. _____<br><br>**QUI TAM COMPLAINT**<br><br>**FILED UNDER SEAL**<br>**UNDER 31 U.S.C. § 3730(b)(2)**<br><br>**JURY TRIAL DEMANDED** |

MAY 15 2024 AM 11:45
FILED - USDC - FLMD - TPA

SHN\793139.1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* AIDAN FORSYTH,<br><br>              Plaintiff-Relator,<br><br>v.<br><br>GOLDEN WOLF, LLC,<br>d/b/a GOLDENWOLF,<br>LOBO DORADO LLC,<br>SABRINA GOLDEN WOLFERSBERGER,<br>MICHAEL TRENT WOLFERSBERGER,<br>and RYAN BREDAHL,<br><br>              Defendants. | Civil Action No. 8:24-cv-1164-MSS-NHA<br><br>Hon. _____<br><br>**QUI TAM COMPLAINT**<br><br>**FILED UNDER SEAL<br>PURSUANT TO<br>31 U.S.C. § 3730(b)(2)**<br><br>**JURY TRIAL DEMANDED**<br><br>MAY 15 2024 AM 11:45<br>FILED - USDC - FLMD - TPA |

On behalf of the United States of America (the "United States" or the "Government"), Plaintiff and Relator Aidan Forsyth ("Relator") files this *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA") against Defendants Golden Wolf, LLC, d/b/a GoldenWolf ("GW"), Lobo Dorado LLC ("LD") (the "Corporate Defendants"), Sabrina Golden Wolfersberger, Michael Wolfersberger, and Ryan Bredahl (the "Individual Defendants") (collectively, the "Defendants"), and alleges as follows:

### INTRODUCTION

1. Sections 7(j)(10) and 8(a) of the Small Business Act (15 U.S.C. §§ 636(j)(10) and 637(a)) authorized the U.S. Small Business Administration ("SBA") to establish a business development program, known as the 8(a) Business Development program. Congress created the

SHN\793139.1

8(a) program to "help firms owned and controlled by socially and economically disadvantaged individuals."[1]

2.  This is an action to recover treble damages, civil penalties, and all other remedies on behalf of the United States in connection with Defendants' submission of materially false and fraudulent claims for payment to the federal Departments of Commerce, Defense, Health & Human Services, Housing & Urban Development, and other federal agencies, under set-aside and sole-source contracts Defendants were improperly awarded under the 8(a) program.

3.  Defendant GW, a corporation providing facility management and related services to federal agency clients, is owned by Sabrina Wolfersberger and Bredahl. GW was certified as a Service-Disabled Veteran-Owned Small Business and a Woman-Owned Small Business. Nonetheless, GW was not eligible to participate in the SBA 8(a) program (or became ineligible not long after initial certification) because its assets and income far exceeded SBA's limits defining a disadvantaged small business.

4.  Although GW did not meet the economic disadvantage requirements of the 8(a) program, GW obtained multiple set-aside and/or sole-source government contracts. These contracts (at least one of which is still being performed as of the filing of this action) had a total potential value of approximately $160 million.

5.  Furthermore, while GW was participating in the 8(a) program, Defendants Sabrina Wolfersberger, Michael Trent Wolfersberger (Sabrina Wolfersberger's husband), and Bredahl used millions in contract proceeds to acquire valuable assets, primarily commercial and residential real estate, the ownership of which they placed in additional corporate entities that they owned and controlled separate from GW.

---

[1] U.S. Small Business Administration, 8(a) Business Development program, *available at* https://www.sba.gov/federal-contracting/contracting-assistance-programs/8a-business-development-program.

6. Pursuant to the FCA, Relator seeks to recover, on behalf of the United States, damages and civil penalties arising from false or fraudulent claims for payment that Defendants knowingly submitted or caused to be submitted to the Federal Government.

## SUMMARY OF ALLEGATIONS

7. Defendant GW was founded in 2013. At all times relevant to this Complaint, Defendant GW was a corporation providing facility management and related services to federal agency clients.

8. Defendant Sabrina Wolfersberger was the majority owner and President of GW.

9. Defendant Bredahl was the minority owner and Chief Executive Officer of GW.

10. GW was certified by the SBA as a Service-Disabled Veteran-Owned Small Business and a Woman-Owned Small Business.

11. GW was approved for 8(a) status on or about September 13, 2016 (SBA Case No. C006rB).[2]

12. Since then, GW has been awarded federal contracts potentially worth approximately $162 million, of which contracts worth approximately $113 million were 8(a) sole-source no-bid set aside contracts. GW has also formed at least two joint ventures with non-8(a) businesses which were awarded federal contracts worth approximately an additional $7 million.

13. Upon information and belief, since at least on or about September 16, 2019, Defendants submitted or caused to be submitted to the SBA false annual financial statements for the purpose of maintaining GW's eligibility for the 8(a) program.

---

[2] Although GW's 8(a) certification was scheduled to continue until on or about September 13, 2026, for unexplained reasons, it exited the program on or about August 10, 2023.

3

SHN\793139.1

14. These financial statements were knowingly false and fraudulent because they understated the Individual Defendants' personal net worth and their total assets, including the value of GW, other corporate entities, and real estate holdings.

15. Among other things, during GW's participation in the 8(a) program, the Individual Defendants used another corporation that they owned and controlled, Lobo Dorado LLC ("LD"),[3] to acquire over $6 million in residential and commercial real estate properties.

16. Since at least September 2019, the total value of Defendants' assets significantly exceeded the SBA's limits defining socially and/or economically disadvantaged owners of 8(a) program participants.

17. Accordingly, upon information and belief, the Federal Government has awarded GW 8(a) set-aside contracts potentially worth over $160 million while GW was or should have been ineligible to participate in the 8(a) program. Those contracts should have been awarded to genuinely disadvantaged small businesses that were eligible to participate in the program.

18. Relator files this *qui tam* lawsuit to enable the Government to recover the monies that it paid to GW as the result of Defendants' wrongdoing, as well as to recover treble damages and/or penalties, and recover its reasonable attorneys' fees, costs and expenses.

**JURISDICTION, VENUE, AND SPECIAL REQUIREMENTS**

19. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, under 31 U.S.C. § 3729 of the False Claims Act, and under 28 U.S.C. § 1345, which provides the United States District Courts with original jurisdiction over all civil actions commenced by the United States of America.

---

[3] Lobo Dorado means Golden Wolf in Spanish.

20.  In addition, the FCA specifically confers jurisdiction upon the United States District Courts under 31 U.S.C. § 3732. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because Defendants transacted business in this District, and because false and fraudulent documentation was prepared in, executed in, and/or submitted to the SBA from this District.

21.  Venue is proper in this District under 31 U.S.C. § 3732(a) because certain of the acts complained of herein occurred in this District.

22.  In accordance with 31 U.S.C. § 3730(b)(2), this Complaint has been filed *in camera* and will remain under seal for a period of at least 60 days and shall not be served on Defendants until the Court so orders.

23.  Pursuant to 31 U.S.C. § 3730(b)(2), the Relator must provide the Government with a copy of the Complaint and a written disclosure of substantially all material evidence and material information in its possession contemporaneous with the filing of the Complaint. Relator has complied with this provision by serving copies of the Complaint and such disclosure upon the Honorable Roger B. Handberg, United States Attorney for the Middle District of Florida, and upon the Honorable Merrick B. Garland, Attorney General of the United States.

24.  Relator is not aware that the allegations in this Complaint have been publicly disclosed. In any event, this Court has jurisdiction under 31 U.S.C. § 3730(e)(4) because the Relator is an "original source" since it has voluntarily provided its information to Government before filing this Complaint, and has knowledge, which is both direct and independent of, and materially adds to, any public disclosures to the extent they may exist.

## PARTIES & RELATED ENTITIES

25.     Plaintiff-Relator Aidan Forsyth resides at 55 West 8th Street in New York, New York.

26.     Defendant Golden Wolf, LLC, d/b/a GoldenWolf ("GW"), is a privately held Limited Liability Corporation originally incorporated in the State of Maryland in 2013. Defendant Sabrina Wolfersberger executed GW's Articles of Organization as "Authorized Person," "Resident Agent," and "Filing Party." The stated business purpose of GW was "Facilities management consulting." On or about August 20, 2020, GW was converted into a Florida limited liability company with a principal place of business located at 9100 Conroy Windermere Road, Suite 200, Windermere, Florida 34786.[4] As of the date of this filing, GW's principal place of business was reported to be 401 North Parsons Avenue, Suite 107A, Brandon, Florida 33510.[5] Other reported places of business have been 11723 Doe Creek Drive, Lithia, Florida 33547 and 4250 MD-521, Huntingtown, Maryland 20639, both of which appear to be private single-family residences.[6]

27.     Defendant Lobo Dorado LLC is a privately held limited liability company originally incorporated in the State of Maryland in 2018. The stated business purpose of Lobo Dorado was "Property Investment and Management Services." Defendant Michael Wolfersberger executed LD's Articles of Organization as "Authorized Person," "Resident Agent," and "Filing Party." On or about August 17, 2020, Lobo Dorado was converted into a Florida limited liability company. Defendant Sabrina Wolfersberger executed the filing as Lobo Dorado's "Authorized Representative" and "Member," and Defendant Ryan Bredahl was listed on the filing as a "Member."

---

[4] This address appears to be a Regus shared office space.
[5] This address appears to be a one-story building in a small commercial complex primarily housing medical offices.
[6] Defendant Sabrina Golden Wolfersberger has reported the Lithia, Florida address as her personal address in Florida Secretary of State filings.

6

SHN\793139.1

28. Non-party Aurum Lupus LLC[7] is a Florida Limited Liability Company organized on or about May 24, 2021. Its manager/member was Michael T. Wolfersberger and its principal place of business was 11723 Doe Creek Drive, Lithia, FL 33547.

29. Defendant Sabrina Golden Wolfersberger is a resident of Lithia, Florida. Wolfersberger is the majority owner and President of GW and is the majority owner of LD. She received a Ph.D. in civil engineering from the University of Maryland, is a Navy veteran, having served in the Naval Facilities Engineering Command, and previously served as deputy director of the U.S. Navy Bureau of Medicine and Surgery. [2019 Maryland Article/Leave Behind]

30. Defendant Michael Trent Wolfersberger is married to Sabrina Wolfersberger and is also a resident of Lithia, Florida. Upon information and belief, he was the original owner of LD.

31. Defendant Ryan Bredahl is a resident of Windermere, Florida. Bredahl is the minority owner and Chief Executive Officer of GW. He is a graduate of the U.S. Naval Academy, a service-disabled veteran, having served as a surface warfare officer, and previously served as director of the U.S. Navy Bureau of Medicine and Surgery. [2019 Maryland Article/Leave Behind] Ryan Bredahl's wife is Christy Bredahl.

## GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT

**The False Claims Act**

32. Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

---

[7] Aurum Lupus means Golden Wolf in Latin.

33. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval"; or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(A), (B), (G). Any person found to have violated these provisions or conspired to have violated these provisions is liable for a civil penalty of at least $13,946.00 and up to $27,894.00 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 88 FR 5776, Feb. 12, 2024).

34. The FCA defines the terms "knowing" and "knowingly" to mean that a person (1) "has actual knowledge of the information"; (2) "acts in deliberate ignorance of the truth or falsity of the information"; or acts "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). The statute provides that "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b)(1)(B).

35. The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other

8

recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

36. The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any Defendant. The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

37. In this action, and under well-established precedent, the false and fraudulent nature of Defendants' conduct is informed or measured by their violation of, or failure to comply with, certain statutes and regulations material to the submission of applications for government-subsidized and/or issued small business loans.

**The Small Business Administration 8(a) Business Development Program**

38. The 8(a) Business Development Program originated in the late 1970s, when Congress amended the Small Business Act to authorize the SBA to establish the Minority Small Business and Capital Ownership Development Program.

39. The 8(a) Program enables small businesses owned and operated by socially and/or economically disadvantaged persons to bid for and be awarded Federal Government set-aside and sole-source contracts.

40. The Federal Government targets allocating five percent of contracting dollars to 8(a) Program participants.

41. The SBA requires the socially and/or economically disadvantaged person to own at least 51% of the company or its publicly-traded stock, and the business must also be controlled

by a socially and/or economically disadvantaged person. The company must also qualify as a small business eligible to participate in SBA programs.

42. The socially and/or economically disadvantaged person or persons must have a personal net worth of $850,000.00 or less, adjusted gross annual income (averaged over the preceding three years) of $400,000.00 or less, and assets totaling $6.5 million or less. *See generally* 13 C.F.R.§ 124.104; *see also* 13 C.F.R. Part 124 Subpart A.[8]

43. Small businesses use an online form to apply for 8(a) Program certification.

44. The socially and/or economically disadvantaged applicant (and any spouse) is required to execute the following acknowledgement and certification:

> Pursuant to 18 U.S.C. § 1001 and 15 U.S.C. § 645, any person who makes any false statement in order to influence the certification or continuing eligibility process in any way or to obtain a contract awarded under the preference programs established pursuant to section 8(a), 8(d), 9, or 15 of the Small Business Act, or any other provision of Federal Law that references section 8(a) or 8(d) for a definition of program eligibility, shall be: (1) subject to fines and imprisonment of up to 5 years, or both, as stated in 18 U.S.C. § 1001 and subject to fines up to $500,000 and imprisonment of up to 10 years, or both, as stated in 15 U.S.C. § 645; (2) subject to suspension or termination as a Participant in the 8(a) Program; (3) subject to civil and administrative remedies, including suspension and debarment; and (4) ineligible for participation in programs conducted under the authority of the Small Business Act. I hereby certify that any information provided via my Username/Password pair has been reviewed by me personally and is true and accurate.

45. Small businesses may participate in the 8(a) Program for nine years, after which they "graduate" and are no longer eligible.

46. Once the SBA designates a small business eligible to participate in the 8(a) Program, the participant must certify annually that it still meets all eligibility requirements. A participant must also inform the SBA "of any changes in circumstances which would adversely

---

[8] These size standards have periodically increased by regulation. In 2016, when Golden Wolf initially obtained SBA 8(a) certification, the maximum average adjusted gross income for initial eligibility was $250,000.00 and maximum asset value was $4 million. *See* 76 Fed. Reg. 8222, 8254-55 (Feb. 11, 2011).

affect its program eligibility, especially economic disadvantage and ownership and control." Participants that fail to meet the eligibility requirements after being admitted to the program are subject to termination. 13 C.F.R. § 124.112(a).

47. The 8(a) Program participant's owners must submit an annual personal financial statement to the SBA. The owners must acknowledge and certify:

> By signing this form, I certify under penalty of criminal prosecution that all information on this form and any additional supporting information submitted with this form is true and complete to the best of my knowledge. I understand that SBA or its participating Lenders or Certified Development Companies or Surety Companies will rely on this information when making decisions regarding an application for a loan, surety bond, or participation in the WOSB or 8(a) BD program. I further certify that I have read the attached statements required by law and executive order.

48. The above-described maxima of net worth, income and assets (including the value of the owners' and spouses' personal assets and of the participant entity itself), must not be exceeded during their participation in the 8(a) Program. 13 C.F.R.§ 124.104(c)(2-4).

## SPECIFIC FRAUD ALLEGATIONS

### GoldenWolf is Awarded Tens of Millions in Set-Aside/Sole-Source Government Contracts through the SBA 8(a) Business Development Program

49. On or about September 13, 2016, GW originally obtained certification to participate in the 8(a) Program (SBA Case #C006rB).

50. Since then, GW has been awarded Federal contracts with a potential total value of over $160 million, of which contracts worth $113 million were 8(a) "sole-source" no-bid contracts:

| Total of All Contracts By Year |||
|---|---|---|
| Year | Current Total Value of Awards | Potential Total Value of Awards |
| 2017 | $ 2,277,931 | $ 2,277,931 |
| 2018 | $ 13,134,393 | $ 13,258,610 |
| 2019 | $ 27,378,624 | $ 29,398,769 |
| 2020 | $ 37,462,574 | $ 42,826,627 |
| 2021 | $ 36,911,293 | $ 42,209,064 |
| 2022 | $ 20,113,704 | $ 23,248,648 |
| 2023 | $ 8,555,608 | $ 9,551,254 |
| Total | $ 145,834,128 | $ 162,770,903 |

| Total of SBA 8a Set Aside Contracts By Year |||
|---|---|---|
| Year | Current Total Value of Awards | Potential Total Value of Awards |
| 2017 | $ - | $ - |
| 2018 | $ 12,053,749 | $ 12,177,965 |
| 2019 | $ 22,437,651 | $ 24,457,796 |
| 2020 | $ 13,916,305 | $ 19,280,358 |
| 2021 | $ 31,133,096 | $ 35,695,908 |
| 2022 | $ 16,658,003 | $ 18,330,435 |
| 2023 | $ 3,392,725 | $ 3,392,725 |
| Total | $ 99,591,529 | $ 113,335,188 |

51. GW has also formed at least two joint ventures with non-8(a) companies, which entities have been awarded Federal contracts with a potential total value of $7 million.

52. On or about September 19, 2018, GW formed a Maryland joint venture with Ewing Cole, an architecture firm. On or about September 30, 2019, the Defense Department awarded the joint venture a contract potentially worth approximately $800,000.00. On or about September 27, 2021, the Defense Department awarded the joint venture another contract worth approximately $16 million.

53. On or about October 27, 2020, GW formed a Florida joint venture with Crawford Consulting Services, a woman-owned architectural engineering and construction firm based in

Pittsburgh, Pennsylvania. On or about May 10, 2021, the Defense Department awarded the joint venture a contract potentially worth approximately $6 million.

### GoldenWolf and its Owners Grew too Large in the Aggregate to be Eligible for Continued Participation in the SBA 8(a) Business Development Program

54. Upon information and belief, by on or about its third anniversary of participation in the 8(a) Program, GW and its owners had grown far too large in terms of their annual income, tangible net worth and/or assets to be eligible to continue participating in the 8(a) Program.

55. Notably, since in or about 2016, Sabrina and Michael Wolfersberger have purchased approximately $6.5 million worth of residential and commercial properties (primarily through Lobo Dorado, which Sabrina co-owns with Ryan Bredahl). As of the date of this filing, these properties are worth more than $10 million.

    a. On or about July 31, 2018, Lobo Dorado purchased 4260 Hunting Creek Road, Huntingtown, MD 20639 for $430,000. This is a mixed-use zoned plot of land adjacent to the property (4250 Hunting Creek Road) that GW used as an office. According to Zillow, its current value is approximately $500,000.

    b. On or about August 27, 2018, Sabrina and Michael Wolfersberger purchased 7640 Southern Maryland Boulevard, Owings, MD 20736 for $363,103.75. This is a parcel of about 20 acres of farmland. A mortgage for approximately $300,000 was paid off on or about February 22, 2022. According to Redfin, its current value is approximately $1.2 million.

    c. On or about March 29, 2019, Lobo Dorado purchased 6996 South Flint Hill Road, Owings, MD 20736 for $310,000. This is a single-family residence. On or about June 16, 2020, it was sold for $320,000.

d. On or about April 29, 2019, Lobo Dorado purchased 4090 Old Town Road, Huntingtown, MD 20639 for $269,900. This is a single-family residence. On or about July 20, 2020, it was sold for $300,000.

e. On or about April 8, 2020, Sabrina and Michael Wolfersberger purchased 11723 Doe Creek Drive, Lithia, FL 33547 for $1.8 million. This is a single-family home which they use as their primary residence. According to Zillow, its current value is approximately $2.8 million.

f. On or about November 25, 2020, Lobo Dorado purchased 2 15th Avenue, #403, Indian Rocks Beach, FL 33785 for $1.075 million. This is a waterfront condominium in the Chez Soleil Condominium development. Sabrina and Michael Wolfersberger use this as a vacation residence. On or about March 5, 2024, Lobo Dorado (by Michael Wolfersberger) conveyed this property to GW for one dollar. On or about March 6, 2024, GW (by Sabrina Wolfersberger) conveyed it to Aurum Lupus, LLC, an entity controlled by the Wolfersberger Family Trust, for one dollar.[9] According to Zillow, its current value is approximately $1.6 million.

g. On or about May 7, 2021, Sabrina and Michael Wolfersberger purchased 6105 Kiteridge Drive, Lithia, FL 33547 for $250,000. This is a single-family residence. On or about August 4, 2023, it was conveyed to the Wolfersberger Family Trust for one dollar. According to Zillow, its current value is approximately $350,000.

h. On or about January 31, 2022, Lobo Dorado purchased 401 North Parsons Avenue, #107a-b, Brandon, FL 33510 for $280,000. This is a small commercial building

---

[9] Aurum Lupus LLC is a Florida Limited Liability Company organized on or about May 24, 2021. Its manager/member was Michael T. Wolfersberger and its principal place of business was 11723 Doe Creek Drive, Lithia, FL 33547. "Aurum Lupus" means Golden Wolf in Latin.

part of which GW may use as an office. On or about March 5, 2024, Lobo Dorado (by Michael) conveyed this property to GW for one dollar. On or about March 6, 2024, GW (by Sabrina Wolfersberger) conveyed it to BW Holdings South, LLC, the members of which are Defendant Michael Bredahl and his wife Christy Bredahl. According to Zillow, its current value is approximately $400,000.

i. On or about June 21, 2022, Lobo Dorado purchased 17316 Promenade Drive #19-5, Clermont, FL 34711 for $343,000. This is single family condominium. On or about June 22, 2023, it was sold for $336,250.

j. On or about June 15, 2022, Lobo Dorado purchased 17521 County Road 455, Montverde, FL 34756 for $1.35 million. This is an 8,600 square foot commercial office building and warehouse. On or about May 11, 2023, it was sold for $1.5 million.

56. GW also transferred approximately $650,000 worth of property to Lobo Dorado for no consideration.

a. GW purchased 4250 Hunting Creek Road, Huntingtown, MD 20639 on or about May 11, 2017 for $350,000. This was a mixed-use zoned property that GW used as an office. A $297,500 mortgage was paid off on or about July 27, 2018, and on or about October 24, 2018, GW transferred this property to Lobo Dorado for no consideration. According to Zillow, its current value is approximately $650,000.

57. Defendants' property transactions and acquisitions alone during these periods were worth between approximately $6.5 million and $10 million, demonstrating that, as early as 2019, Defendants' assets rendered GW ineligible to continue participating in the 8(a) set-aside program.

## THE GOVERNMENT HAS BEEN DAMAGED AS A RESULT OF DEFENDANTS' CONDUCT

58. Defendants' materially false statements have caused the federal government to be defrauded of taxpayer funds at least in the approximate amount of $113 million, the total value of the set-aside contracts.[10]

## CLAIMS FOR RELIEF

### COUNT I

False Claims Act:
Presenting or Causing to be Presented False and Fraudulent Claims
31 U.S.C. § 3729(a)(1)(A)

59. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

60. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have knowingly presented, and caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

### COUNT II

False Claims Act:
Making or Using False
Records or Statement to Cause Claims to be Paid
31 U.S.C. § 3729(a)(1)(B)

61. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

---

[10] The presumption of loss is "the total amount expended on the contract[s] . . . whenever it is established that a business concern other than an 8(a) Participant willfully sought and received the award by misrepresentation." 13 C.F.R. § 124.521(a). To the extent GW lost its eligibility in or about 2019, this figure may be lower.

62. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants have knowingly made, used, or caused to be made or used, false records or statements – *i.e.*, the false representations made or caused to be made by Defendants – material to false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(B).

## COUNT III

False Claims Act: Conspiracy
31 U.S.C. § 3729(a)(1)(C)

63. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

64. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, Defendants conspired with others to make or present false or fraudulent claims and performed one or more overt acts to affect the submission and cause the payment of false or fraudulent claims.

**DEMANDS FOR RELIEF**

**WHEREFORE**, Relator, on behalf of the United States Government, demands judgment against Defendants, ordering that:

A. That Defendants be ordered to cease and desist from submitting any more false claims, or further violating 31 U.S.C. § 3729, *et seq.*;

B. That judgment be entered in Relator's favor and against Defendants in the amount of each and every false or fraudulent claim, multiplied as provided for in 31 U.S.C. § 3729(a), plus a civil penalty of at least $13,946.00 and up to $27,894.00 for each such false or fraudulent claim, as provided by 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 88 FR 5776, Feb. 12, 2024), to the extent such multiplied penalties shall fairly compensate the United States of

America for losses resulting from the various schemes undertaken by Defendants, together with penalties for specific claims to be identified at trial after full discovery;

    C.    That Defendants be ordered to disgorge all sums by which they have been enriched unjustly by their wrongful conduct;

    D.    That judgment be granted for Relator against Defendants for all costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Relator in the prosecution of this suit; and

    E.    That Relator be granted such other and further relief as the Court deems just and proper.

## TRIAL BY JURY

Relator hereby demands a trial by jury as to all issues.

DATE:  May 15, 2024

                        SPIRO HARRISON & NELSON

                        /s/Michelle C. Clerkin
                        Michelle C. Clerkin
                        Florida Bar No. 1045076
                        mclerkin@shnlegal.com
                        1111 Lincoln Road, Suite 500
                        Miami Beach, Florida 33139
                        Telephone: (786) 841-1181

                        Eric H. Jaso (pro hac vice admission pending)
                        ejaso@shnlegal.com
                        363 Bloomfield Avenue
                        Suite 2C
                        Montclair, New Jersey 07042
                        Telephone: (973) 232-0881

                        *Attorneys for Relator*

SHN\793139.1